Smith v. Hawkes.

*Reversed and remanded.*

## Howard F. Smith
### v.
## Moses A. Hawkes et al.

*Contracts—Mines—Development of—Stock—Rescission and Return of—Consideration—Pleading—Parties.*

Upon a bill filed to procure a rescission of, and likewise a return  of  certain mining stock delivered in pursuance of a contract entered into for the purpose of developing a mine, it being contended by the complainant among other things that one of the two joint  promisors therein had failed to prosecute such development, this court holds that both should  have been made parties defendant to such bill; that the one not named does not become a party by being called as a witness  in behalf of the complainant; that said contract can not be made several by averments in  the  bill, or  by evidence of conversations between the parties, and declines to interfere with a decree dismissing the same.

[Opinion filed October 28, 1889.]

APPEAL from the Superior Court of Cook County ;  the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. GEORGE W. WILBUR, for appellant.

The decree should be reversed because the appellant had a right to rescind.  Wilson v. Roots, 119 Ill. 379–386, etc.

Bannister v. Read, 1 Gill. 92–99, and cases there cited; Shelby v. Hutchinson, 4 Gill. 319; County of Clinton v. Ramsey, 20 Ill. App. 577; Thomas v. Coultas, 76 Ill. 493 (498); Cravener v. Hale, 27 Ill. App. 275; Shaffner v. Killian, 7 Ill. App. 620.

Appellant, having a right to rescind, had also a right to decree for re-transfer of the stock. Bispham's Eq. (4th Ed.), pg. 432–434; Doloret v. Rothchild, 1 Sim. & Stu. 590; Pooley v. Budd, 14 Beav. 34; 3 Pomeroy's Eq., 440–1, and notes.

Messrs. COOK & UPTON, for appellees.

There is no force in the excuse offered for leaving out Taylor, a joint obligor with the appellee, Hawkes.

As to Smith, the appellant, the undertaking of Hawkes and Taylor was a joint one, and it is simply absurd to insist, as appellant does, that Taylor has fully performed his half, and that Hawkes has done nothing in that direction.

The fact that Taylor and Hawkes, as between themselves, may have agreed that they would share equally in the undertaking, does not concern the appellant in the least, and all evidence offered by him tending to establish such an agreement between them, is wholly irrelevant to the issues.

Such an agreement would give Taylor the right to call on Hawkes for contribution, in case he had, as is claimed, done more toward the performance of the contract than Hawkes had, and the very fact that Taylor would have such a right, is a strong reason, it seems to us, why he should have been made a party defendant to the bill.

If, as is claimed, each was to perform one-half (or in any other proportion, as to that matter), and Taylor had done more than his half or his proportion, whatever it might be, and Hawkes had done less, would such a decree as is sought by appellant's bill in this case be a bar to a suit by Taylor against Hawkes, for contribution, Taylor not being a party to or bound by said decree? If not, that fact forcibly illustrates the necessity of making Taylor a party.

That Taylor was a necessary party, see Story's Equity Pleadings, Sec. 169; Bland v. Winter, 1 Simons & Stuart, 247.

GARY, P. J.   The appellant filed his bill against the appel-
lee Hawkes only, but by a supplemental bill brought in as a
defendant one Alley, of whom no further notice need be
taken.   The object of the bill was to procure a rescission of
one-half of, and the return of one-half of the stock delivered
in pursuance of a contract as follows:

" Memoranda of agreement made this 21st day of July, A.
D. 1886, between M. A. Hawkes and J. V. Taylor, both of
Evanston, Cook County, Illinois, as parties of the first part,
and Howard F. Smith, of Denver, Arapahoe County, State
of Colorado, as party of the second part, witnesseth:

" That for and in consideration of the transfer to said parties
of the first part of twenty-five thousand and sixty shares of the
capital stock of the Ruby Chief Mining and Milling Co., or caus-
ing the transfer to said first parties of such amount of stock in said
company, the parties of the first part agree to make no demand
on said party of the second part for any indebtedness, present
or to come, nor upon the remaining shares of the capital stock
standing, after such transfer, in his name on the books of the
company, and they agree to prosecute the development of
the property of said company at their own risk, for a reason-
able time, as they shall consider best for their mutual interests,
till satisfied of the futility of further endeavors to make the
property yield revenues, without large expenditures.   In case
the property becomes profitable the parties of the first part
agree to pay to said party of the second part, his heirs or
assigns, one-eighth of any such profits to the amount of twenty
thousand dollars ($20,000), but only after the quarter of such
profits shall have paid them the sum of forty thousand dollars
($40,000).

" Also in case they sell any of the stock that shall then stand
in either of their respective names, they shall consider them-
selves to have parted with a proportional amount of the
twenty-five thousand and sixty (25,060) shares above named,
as that stock shall be to the whole number of shares standing
in their respective names, and on and after the sale of such
proportion of stock shall have netted them the sum of
forty thousand dollars ($40,000), then they will pay said

second party the one-half received from the sale of this above-said quarter of the capital stock, till such receipts have been paid to him to the amount of twenty thousand dollars ($20,000), and no longer.

"It is further mutually agreed and understood between the parties of the first and second part that the said Hawkes and Taylor shall be allowed to use their best judgment and abilities in carrying out all the conditions of this contract.

"In witness whereof, we have hereunto set our hands and seals this 28th day of July, A. D. 1886.

"M. A. Hawkes,

"J. V. Taylor,

"Howard F. Smith."

To such a bill Taylor is a necessary party. Acts in performance of the contract done by either Taylor or Hawkes, were, as to the appellant, done by both. The contract on the face of it, is joint as to them and can not be made several by averments in the bill, or by evidence of conversations between the parties—at least, in a suit to which Taylor is not a party. No decree in this suit will be a bar to any relief Taylor may claim against Hawkes, nor any evidence of facts inconsistent with such claim. The rule which makes Taylor a necessary party, and the reason for it, are stated in 1 Dan. Ch. 190; Story, Eq. Pl., Sec. 72. Taylor does not become a party by being called as a witness on behalf of the appellant. If he seeks any relief against Hawkes, he must put himself on record as complainant. The ground upon which a rescission as to Hawkes, and a return of half the stock is claimed, is, that Hawkes has failed "to prosecute the development of the property of the company," as the contract provided, and has attempted to obtain an unjust judgment against the company.

The contract left to the discretion of Taylor and Hawkes as their own interests might indicate, the extent to which they would so "prosecute." That promised prosecution was not the sole consideration on their part. The appellant and such stock as he retained were discharged from some indebtedness. Doubtless the successful working of the mines was a condition precedent to such a state of affairs as would ever entitle the

appellant to the contingent profits or proceeds of sales of stock contemplated by the contract; but Taylor and Hawkes as to such working were left to the exercise of their own judgment. The contract assumes that desire and hope of gain for themselves would be a sufficient incentive to any prudent expenditure. The decree dismissing the bill is right and is affirmed.

*Decree affirmed.*